IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01912-BNB

NYAHUMA KAMAU MACHARIA,

Plaintiff,

v.

JUDGE C. GONZALES,
NANCY JOHNSON, and
MAYOR JOHN HICKENLOOPER,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 14 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Nyahuma Kamau Macharia, filed *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and an amended complaint. He asks for money damages and for "the warrant taken off." *See* amended complaint at 6. He has been granted leave to proceed *in forma pauperis* pursuant to § 1915.

The Court must construe the amended complaint liberally because Mr. Macharia is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Macharia will be ordered to file a second amended complaint.

Mr. Macharia contends that on April 29, 2008, Defendant, Judge C. Gonzales, found him guilty of a moving violation in Denver County Court, Traffic Division, Case No. B701986. He further alleges that he was referred to a public service work program

to complete thirty-nine hours of work, that because of his disabilities he was determined to be incapable of working in the program, and that he was directed instead to pay a moving violation fine. He alleges that Defendant, Nancy Johnson, a clerk with the Denver County Court, Traffic Division, informed him that failure to pay the fine would result in the issuance of a warrant for his arrest. He contends that being denied the ability to participate in the work program because of his disabilities and that instead being required to pay a fine violates his constitutional rights.

The Court has reviewed Mr. Macharia's amended complaint and finds that the amended complaint is deficient because he is suing an improper party. Defendant, Judge C. Gonzales, is immune from liability because Mr. Macharia can make no rational argument that he violated his constitutional rights simply because he convicted him on traffic charges. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The appropriate inquiry in determining whether a particular judge is immune is whether the challenged action was "judicial" and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Stated differently, judges are liable only when they act in "clear absence of all jurisdiction"; they are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority. *Id.* at 356-57. The Defendant judge clearly acted within his jurisdiction in ruling in Mr. Macharia's state traffic proceedings. Mr. Macharia's amended complaint is precisely the type of filing that the Supreme Court has recognized as necessitating the doctrine of judicial

2

immunity. *See Butz v. Economou*, 438 U.S. 478, 512 (1978) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)) ("The loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus."). Therefore, Mr. Macharia may not sue Judge Gonzales for money damages.

The Court also finds that the amended complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**,* 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**,* 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Macharia to state a claim in federal court, his amended complaint must explain what each defendant did to him;

3

when the defendant did it; how the defendant's action harmed him; and, what specific legal right he believes the defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Macharia's amended complaint is verbose and vague. The amended complaint fails to set forth a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). The amended complaint also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Mr. Macharia apparently expects the Court and Defendants to sift through his allegations to determine their relevance to his asserted claims. However, it is Mr. Macharia's responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted, and to be able to respond to those claims. Mr. Macharia must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Mr. Macharia also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Macharia must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such

as Mayor John Hickenlooper, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Macharia may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Macharia uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Macharia should be given an opportunity to file a second amended complaint. He will be directed to do so below.

Finally, Mr. Macharia is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Macharia should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Nyahuma Kamau Macharia, file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Macharia, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint: Complaint. It is

FURTHER ORDERED that Mr. Macharia submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Macharia fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED October 14, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01912-BNB

Nyahuma Kamau Macharia
PO Box 1603
Aurora, CO 80040

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 10/14/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk